ROSE M. COMERY, as Executrix, etc., of WILLIAM C. COMERY, Deceased, Appellant, v. GLOBE AUTOMATIC SPRINKLER COMPANY, INC., Respondent.— Judgment affirmed, with costs. Memorandum: Doubtless an agreement by one person to employ another at a given salary imports an undertaking by the employer to pay the employee the stipulated salary. But a contract by A to secure employment of B by C at a given salary does not, in the absence of an agreement to that effect, obligate A to pay B's salary. In the instant case the defendant Globe Company undertook to see that plaintiff's testator was employed by the Empire Company at a salary of $6,000 a year. The defendant did not undertake to pay the salary. Even though the defendant Globe Company controlled a majority of the stock of the Empire Company, they were separate and distinct corporate entities, and, in the absence of fraud on the part of the Globe Company, causing the inability or refusal of the Empire Company to pay plaintiff's testator, the Globe Company is under no obligation to see that the salary of plaintiff's testator is paid. All concur. (The judgment strikes out certain parts of plaintiff's complaint and dismisses the complaint in an action to recover the balance due for salary.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Dowling, JJ.

CHARLES K. BRYCE, as Executor, etc., of EVELYN C. HUGHES, Deceased, Respondent, v. MERTON S. GIBBS, as Executor, etc., of GEORGE H. HUGHES, Deceased, and LOUIS MORPURGO, Defendants. ETHEL S. WASMUTH, Appellant, v. MERTON S. GIBBS, as Executor, etc., of GEORGE H. HUGHES, Deceased, and LOUIS MORPURGO, Defendants. (Consolidated Action.) — Judgment affirmed, with costs. Memorandum: We conclude that the contract of February 1, 1928, between George H. Hughes, Evelyn C. Hughes, Charles K. Bryce and Louis Morpurgo was founded upon a valid consideration and was legally enforceable. Upon the death of George H. Hughes, Evelyn C. Hughes, as his survivor,— by rights which are contractual in character and have their origin in the express terms of the contract of February 1, 1928,— became entitled to the weekly payments due to her husband thereunder. All concur. (The judgment determines a certain fund not to be part of the estate of George H. Hughes, but directs it to be paid to the executor of the estate of Evelyn C. Hughes, in an action under an assignment of installments in claimed fraud of creditors.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Dowling, JJ.

EDWARD ECKMAN, Respondent, v. KENNETH MELI, and Others, Appellants, FRANCIS J. MOYNIHAN, and Others, Defendants.— Motion for reargument denied; motion for leave to appeal to the Court of Appeals denied. Present — Sears, P. J., Crosby, Lewis, Taylor and Dowling, JJ.

JAMES F. VALONE, Respondent, v. THOMAS NGIALA, and Others, Defendants, CITY OF JAMESTOWN and ELMER W. SELLSTROM, as Treasurer of the City of Jamestown, New York, Appellants.— Motion for reargument denied; motion for leave to appeal to the Court of Appeals denied. Present — Sears, P. J., Crosby, Lewis, Taylor and Dowling, JJ.